NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**RHONDA S. KUGLER,**
*Petitioner,*

v.

**DEPARTMENT OF AGRICULTURE,**
*Respondent.*

---

2010-3124

---

Petition for review of the Merit Systems Protection Board in case no. CH0752090186-I-1.

---

Decided: October 12, 2010

---

RHONDA S. KUGLER, of Bee Spring, Kentucky, pro se.

JOSEPH A. PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A. MELNICK, Assistant Director.

---

Before GAJARSA, MAYER, and MOORE, *Circuit Judges.*

PER CURIAM.

Rhonda Kugler petitions for review of a final order from the Merit Systems Protection Board (the "Board"). The Board declined to review the initial decision of the Administrative Judge ("AJ") upholding the decision of the Great Onyx Job Corps Center (the "Center") to remove Kugler from her position as a Social Services Assistant ("SSA"). The AJ's initial decision thus became final when the petition for review was denied. Because the final order is not an abuse of discretion and is supported by substantial evidence, and there is no legal error, we *affirm*.

## BACKGROUND

Prior to her removal, Kugler worked for the Center since 1992. The Center is a residential program charged with furthering education and teaching employability skills to disadvantaged students ages sixteen to twenty-four. Center students are subjected to a "zero tolerance" policy regarding alcohol and drugs. As an SSA, Kugler supervised residential students, directed their activities, and served as their role model. In July of 2008, supervisory control of the Center was transferred from the Department of the Interior to the Department of Agriculture Forest Service.

### I. Misconduct & Removal from Employment

On December 13, 2005, Kugler reported for duty while under the influence of alcohol. The Associate Director suspended her for five days effective March 18, 2006. On November 13, 2006, Kugler again reported for duty while under the influence of alcohol. She was suspended by the Acting Program Manager for 30 days effective February 22, 2007.

On May 23, 2007, Kugler was arrested by the police in Bowling Green, Kentucky for driving under the influence ("DUI") while off-duty. On January 31, 2008, she pled guilty and was convicted of DUI. The Warren District Court suspended her commercial driver's license ("CDL") for one year, which was not reinstated as of June 15, 2009. On August 21, 2008, the Center Director proposed to remove Kugler for "Improper Conduct," i.e. her DUI conviction. On October 29, 2008, Ms. Sharon M. Dehart, Assistant Director of the National Office of Job Corps for the Forest Service, sustained the charge and removed Kugler from employment.

## II. Merit Systems Protection Board Decision

On December 5, 2008, Kugler appealed her removal to the Board. The initial decision by the AJ affirmed the agency's action finding that 1) the action promoted the efficiency of the service and 2) the penalty of removal was within tolerable bounds of reasonableness. According to the AJ, the agency showed, by a preponderance of the evidence, that the discipline of removing Kugler promoted the efficiency of service because a sufficient correlation was established between her off-duty misconduct and her employment. This correlation was shown clearly through Kugler's alcohol-related crime, her loss of a CDL, and Ms. DeHart's testimony that she lost confidence in Kugler's ability to represent or model appropriate behavior.

The AJ reviewed the penalty to determine whether it was within tolerable bounds of reasonableness. This involved a consideration of the Douglas factors. *Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305-06 (M.S.P.B. 1981). The AJ found that Kugler's position, requiring her to be a life-model and also requiring her to transport students, especially in the case of an emergency, weighed against her in assessing the seriousness of the offense.

The AJ considered Kugler's admission to being a recovering alcoholic, but found that Kugler was not entitled to mitigation of the penalty based on her potential for rehabilitation. Thus the AJ held that removal was reasonable for the sustained offense given Kugler's prior disciplinary history.

Kugler petitioned for review by the Board, but it denied her petition. Although the Board did not grant review, it specifically added to footnotes to the denial. It first noted that the AJ did not abuse her discretion by limiting discovery. Second, it noted that there was no legal basis to support Kugler's argument that the Department of Agriculture did not have the authority to remove her for misconduct that occurred while employed by the Department of the Interior. Therefore the AJ's initial decision became final when the petition for review was denied.

A timely appeal to this court followed. This court has jurisdiction over her appeal pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of judicial review of Board decisions is narrowly defined and limited by statute. We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2006). Kugler primarily raises four issues on appeal: first, that the AJ and Board were incorrect in finding that Kugler's SSA position required a CDL; second, that the Board erred in not considering the off-duty nature of her DUI or her subsequent job performance; third, that the Department of Agriculture had no authority to discipline her for her

actions which occurred while an employee of the Department of the Interior; and finally, that the Board erred when affirming the AJ's response to Kugler's motion to compel discovery.

With respect to the first issue, Kugler asserts that the SSA position does not require a CDL. The Center's Job Description for an SSA lists the major duties of the position. Maintaining a valid CDL is included among the major duties for the position. Additionally, the parties stipulated to certain material facts, including that the SSA position description requires a CDL. Finally, Ms. Dehart testified that the SSA position requires a CDL. The AJ's determination that the SSA position requires a CDL is clearly supported by substantial evidence.

Kugler's second argument, that her DUI did not impact her ability to carry out her duties, similarly fails. The record contains substantial evidence that Kugler's misconduct caused legitimate safety concerns and caused her supervisor to lose confidence in Kugler's abilities. Kugler's DUI conviction resulted in the loss of her CDL, which is a requirement for the SSA position, as noted above. Kugler was also suspended for alcohol related problems on two different occasions prior to the DUI. As the AJ correctly found, "[Kugler's] job duties are inconsistent with alcohol-related crimes." *Kugler v. Dep't of Agric.*, CH0752090186-I-1 at 4 (M.S.P.B. Aug. 28, 2009) ("Initial Decision"). A DUI conviction is contravened by Kugler's clear duty to "guide the development of individuals learning the skills and attitude necessary to maintain employment." *Id.*

Not only was her DUI conviction anti-ethical to her position as a role model, it severely undercut her supervisor's confidence in her abilities. Ms. Dehart was the deciding Center official that testified before the AJ about

Kugler's removal. The AJ found that Ms. Dehart testified credibly, a finding which should not be disturbed by this court. *See Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002) ("The credibility determinations of an administrative judge are virtually unreviewable on appeal"). Ms. Dehart testified "that she lost confidence in [Kugler's] ability to guide or model appropriate behavior" and that "she did not trust [Kugler] to drive students." *Initial Decision*, slip op. at 4. Therefore, substantial evidence supports the AJ's determination that a sufficient nexus was established by the agency between Kugler's DUI and her employment.

Kugler next argues that because her DUI conviction occurred while an employee of the Department of the Interior, the Department of Agriculture lacked the authority to remove her. The Board specifically addressed this argument and stated that it could not find, nor did Kugler provide, "any legal support for the proposition that a successor agency is precluded from initiating disciplinary action for misconduct occurring prior to the transfer of functions from the predecessor agency." *Kugler v. Dep't of Agric.*, CH0752090186-I-1 at 2 n.* (M.S.P.B. Mar. 19, 2010) ("Final Order"). We too find no legal authority to support Kugler's argument. Therefore, the Board did not abuse its discretion when finding that Kugler's third argument lacked merit.

Finally, Kugler's argument that the AJ improperly limited the scope of Kugler's motion to compel discovery is unpersuasive. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). The Board's decision on procedural matters will not be overturned unless there is a clear and harmful abuse of discretion. *Id.* If an abuse of discretion did occur, the petitioner

bears the burden of proving that "the error caused sub-stantial harm or prejudice to his rights which could have affected the outcome of the case." *Id.* at 1379.

Prior to the hearing before the AJ, Kugler "submitted a discovery request in which she sought, in several inter-rogatories, to identify every employee of the agency in the last twenty years who had engaged in misconduct similar to that charged against her." *Final Order*, slip op. at 2 n.*. The AJ considered Kugler's motion to compel and ordered the agency to provide the names of employees at the Center who were disciplined during the last five years for failing to maintain a position requirement. The Board found that the AJ did not abuse her discretion in limiting the discovery. *Id.* Before this court, Kugler failed to set forth any evidence that the AJ's discovery order caused substantial harm that affected the outcome of her case.

## CONCLUSION

Kugler's remaining arguments have been considered and were found unpersuasive. Accordingly, the decision of the Board is affirmed.

No Costs.